IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THOMAS FRAKENBERRY AND SANSANI FRANKENBERRY, <br><br> Plaintiffs, <br><br> v. <br><br> SIG SAUER, INC., <br><br> Defendant. | Civil Action No.: 4:19-cv-02990-DCC <br><br> **DEFENDANT SIG SAUER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** <br><br> **(Jury Trial Demanded)** |

Defendant Sig Sauer, Inc. ("SIG SAUER"), in accordance with the Federal Rules of Civil

Procedure, hereby files its Answer to Plaintiffs' Complaint, and respectfully submit as follows:

## GENERAL ALLEGATIONS[1]

1.      SIG SAUER is without information and belief sufficient to form a belief as to the

truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.      SIG SAUER is without information and belief sufficient to form a belief as to the

truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      SIG SAUER admits that it designs and manufactures firearms which are sold for

military and commercial purposes.  SIG SAUER further admits that it is a resident of a state other

than the State of South Carolina.  SIG SAUER denies all remaining allegations contained in

Paragraph 3 of Plaintiffs' Complaint.

4.      SIG SAUER is without information and belief sufficient to form a belief as to the

truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

---

[1] SIG SAUER is including the headings used in Plaintiffs' Complaint for ease of reference.  SIG SAUER expressly denies the truth of any allegations contained in such headings.

## JURISDICTIONAL STATEMENT

5.      In response to Paragraph 5 of Plaintiffs' Complaint, SIG SAUER repeats, reiterates, and realleges each and every response to Paragraph 1 through Paragraph 4 as though fully set forth at length herein.

6.      SIG SAUER removed this action to this Honorable Court and admits that this Court has jurisdiction over this action.  SIG SAUER denies any remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint.

## VENUE

7.      SIG SAUER removed this action to this Honorable Court and admits that venue is proper in this Court.  SIG SAUER denies any remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

8.      SIG SAUER is without information and belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.      SIG SAUER is without information and belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.     SIG SAUER denies that the subject P320 pistol would have discharged without the trigger or gun being touched as alleged in Paragraph 10 of Plaintiffs' Complaint.  SIG SAUER is without information and belief sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

11.     SIG SAUER is without information and belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

2

12.    SIG SAUER is without information and belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.    SIG SAUER is without information and belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.    SIG SAUER is without information and belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.    SIG SAUER is without information and belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.    SIG SAUER is without information and belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.    SIG SAUER denies that the information quoted in Paragraph 17 of Plaintiffs' Complaint appears on SIG SAUER's website as of the date of this Answer.  SIG SAUER denies knowledge and information sufficient to form a belief as to whether the quoted information was contained on SIG SAUER's website, or anywhere else, prior to when Plaintiff purchased his P320 pistol.  SIG SAUER further denies that any statement contained on its website or in its marketing materials constitutes a warranty or express representation, and SIG SAUER respectfully refers all questions of law to this Honorable Court.  SIG SAUER denies any remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.    SIG SAUER denies that the information quoted in Paragraph 18 of Plaintiffs' Complaint appears on SIG SAUER's website as of the date of this Answer.  SIG SAUER denies knowledge and information sufficient to form a belief as to whether the quoted information was contained on SIG SAUER's website, or anywhere else, prior to when Plaintiff purchased his P320 pistol.  SIG SAUER further denies that any statement contained on its website or in its marketing

materials constitutes a warranty or express representation, and SIG SAUER respectfully refers all questions of law to this Honorable Court. SIG SAUER denies any remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.    SIG admits that the owner's manual for the P320 previously contained the following warning to users:



**⚠ WARNING – DROPPED PISTOL**

If dropped, the pistol may fire. Keep the chamber empty unless actually firing!

**ANY FIREARM MAY FIRE IF DROPPED**

SIG SAUER is without knowledge or information sufficient to determine whether this language was included in the P320 Owner's Manual provided at the time Plaintiff Thomas Frankenberry purchased his pistol. SIG SAUER further responds that this information is irrelevant to this action where Plaintiffs do not allege the discharge of the subject P320 pistol was caused by the pistol being dropped. SIG SAUER denies all additional allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.    SIG SAUER denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.    SIG SAUER denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.    SIG SAUER denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint as stated.

23.    SIG SAUER denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.    SIG SAUER denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint as stated.

25.    SIG SAUER denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.  SIG SAUER further responds that the P320 pistol was not available for sale until 2014 and, therefore, the firearms referred to in Paragraph 25 could not have been P320 pistols.

26.    SIG SAUER admits that it implemented the P320 Voluntary Upgrade Program in August 2017 to further enhance the safety of the P320 pistol under abusive handling conditions, including dropping the pistol.  SIG SAUER denies the remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.    SIG SAUER denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.    SIG SAUER denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

## AS FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

### (Negligence)

29.    In response to Paragraph 29 of Plaintiffs' Complaint, SIG SAUER repeats, reiterates, and realleges each and every response to Paragraph 1 through Paragraph 28 as though fully set forth at length herein.

30.     SIG SAUER admits that it owes consumers certain duties in the design and manufacture of its firearms, but SIG SAUER denies that it breached any of those duties.  SIG SAUER denies all remaining allegations contained in Paragraph 30 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

31.     SIG SAUER admits that it owes consumers certain duties in the design and manufacture of its firearms, but SIG SAUER denies that it breached any of those duties.  SIG SAUER denies all remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

32.     SIG SAUER admits that it owes consumers certain duties in the design and manufacture of its firearms, but SIG SAUER denies that it breached any of those duties.  SIG SAUER denies all remaining allegations contained in Paragraph 32 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

33.     SIG SAUER denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a)-(h).

34.     SIG SAUER denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.     SIG SAUER denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.     SIG SAUER denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.     SIG SAUER is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the physical injuries allegedly sustained by Plaintiff Thomas Frankenberry, but SIG SAUER denies that any injuries sustained by Plaintiffs were caused by any

negligence or other conduct by SIG SAUER.  SIG SAUER denies any remaining allegations contained in Paragraph 37 of Plaintiffs' Complaint.

## AS FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

### (Strict Liability)

38.    In response to Paragraph 38 of Plaintiffs' Complaint, SIG SAUER repeats, reiterates, and realleges each and every response to Paragraph 1 through Paragraph 37 as though fully set forth at length herein.

39.    SIG SAUER admits that its business includes marketing, manufacturing and selling firearms, including the P320 model pistol.  SIG SAUER denies any remaining allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.    SIG SAUER denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.    SIG SAUER denies that it sold the subject P320 pistol to Plaintiff Thomas Frankenberry.  SIG SAUER denies all remaining allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.    SIG SAUER denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.    SIG SAUER is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the physical injuries allegedly sustained by Plaintiff Thomas Frankenberry, but SIG SAUER denies that any injuries sustained by Plaintiffs were caused by any conduct by SIG SAUER.  SIG SAUER denies any remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

### (Breach of Implied Warranty of Merchantability)

44.     In response to Paragraph 44 of Plaintiffs' Complaint, SIG SAUER repeats, reiterates, and realleges each and every response to Paragraph 1 through Paragraph 43 as though fully set forth at length herein.

45.     SIG SAUER admits that its business includes marketing, manufacturing and selling firearms, including the P320 model pistol.  SIG SAUER denies any remaining allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.     SIG SAUER admits that it is aware of the ordinary purpose for which firearms, including the P320 model pistol, are used.  SIG SAUER denies any remaining allegations contained in Paragraph 46 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

47.     SIG SAUER denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Thomas Frankenberry's use and handling of his P320 pistol, but SIG SAUER denies that carrying a pistol unholstered in a person's waistband is consistent with safe firearms handling practices.  SIG SAUER denies the remaining allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.     SIG SAUER denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a)-(f), and respectfully refers all questions of law to this Honorable Court.

49.     SIG SAUER denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.      SIG SAUER is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the physical injuries allegedly sustained by Plaintiff Thomas Frankenberry, but SIG SAUER denies that any injuries sustained by Plaintiffs were caused by any conduct by SIG SAUER.  SIG SAUER denies any remaining allegations contained in Paragraph 50 of Plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

### (Breach of Warranty of Fitness for a Particular Purpose)

51.      In response to Paragraph 51 of Plaintiffs' Complaint, SIG SAUER repeats, reiterates, and realleges each and every response to Paragraph 1 through Paragraph 50 as though fully set forth at length herein.

52.      SIG SAUER admits that its business includes marketing, manufacturing and selling firearms, including the P320 model pistol.  SIG SAUER denies any remaining allegations contained in Paragraph 45 of Plaintiffs' Complaint.  SIG SAUER denies that carrying a pistol unholstered in a person's waistband is consistent with safe firearms handling practices.  SIG SAUER denies the remaining allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.      SIG SAUER denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

54.      SIG SAUER denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Thomas Frankenberry's use and handling of his P320 pistol, but SIG SAUER denies that carrying a pistol unholstered in a person's waistband is consistent with safe firearms handling practices.  SIG SAUER denies the remaining allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.     SIG SAUER denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a)-(f), and respectfully refers all questions of law to this Honorable Court.

56.     SIG SAUER is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the physical injuries allegedly sustained by Plaintiff Thomas Frankenberry, but SIG SAUER denies that any injuries sustained by Plaintiffs were caused by any conduct by SIG SAUER.  SIG SAUER denies any remaining allegations contained in Paragraph 56 of Plaintiffs' Complaint.

**AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION**

**(Breach of Express Warranty)**

57.     In response to Paragraph 57 of Plaintiffs' Complaint, SIG SAUER repeats, reiterates, and realleges each and every response to Paragraph 1 through Paragraph 56 as though fully set forth at length herein.

58.     SIG SAUER responds that the statements contained in its marketing of the P320 model pistol speak for themselves, but SIG SAUER denies that any such statements are untrue. SIG SAUER denies any remaining allegations contained in Paragraph 58 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

59.     SIG SAUER responds that the statements contained in its marketing of the P320 model pistol speak for themselves, but SIG SAUER denies that any such statements are untrue. SIG SAUER denies any remaining allegations contained in Paragraph 58 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

60.     SIG SAUER admits that careless and improper handling of any firearm can result in an unintentional discharge, but SIG SAUER denies that this statement constitutes a warranty.

SIG SAUER denies the remaining allegations contained in Paragraph 60 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

61.    SIG SAUER responds that the statements contained in its marketing of the P320 model pistol speak for themselves, but SIG SAUER denies that any such statements are untrue. SIG SAUER denies any remaining allegations contained in Paragraph 61 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

62.    SIG SAUER denies the allegations contained in Paragraph 62 of Plaintiffs' Complaint and respectfully refers all questions of law to this Honorable Court.

63.    SIG SAUER denies the allegations contained in Paragraph 63 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a)-(f), and respectfully refers all questions of law to this Honorable Court.

64.    SIG SAUER is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the physical injuries allegedly sustained by Plaintiff Thomas Frankenberry, but SIG SAUER denies that any injuries sustained by Plaintiffs were caused by any conduct by SIG SAUER.  SIG SAUER denies any remaining allegations contained in Paragraph 64 of Plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

### (Loss of Consortium)

65.    In response to Paragraph 65 of Plaintiffs' Complaint, SIG SAUER repeats, reiterates, and realleges each and every response to Paragraph 1 through Paragraph 64 as though fully set forth at length herein.

66.    SIG SAUER is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the physical injuries allegedly sustained by Plaintiff Thomas

Frankenberry or any resulting damages allegedly sustained by Plaintiff Sansani Frankenberry, but

SIG SAUER denies that any injuries sustained by Plaintiffs were caused by any conduct by SIG

SAUER.  SIG SAUER denies any remaining allegations contained in Paragraph 66 of Plaintiffs'

Complaint.

67.    SIG SAUER denies the allegations contained in Paragraph 67 of Plaintiffs'

Complaint and, specifically, SIG SAUER denies that Plaintiff Sansani Frankenberry is entitled to

recover any damages from SIG SAUER.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant SIG Sauer, Inc., by counsel, respectfully requests that nothing

be taken by way of Plaintiffs' Complaint, that judgment be entered in its favor, and for all other

relief just and proper.

## AFFIRMATIVE DEFENSES

Further answering herein, SIG SAUER would respectfully show as follows:

## FIRST AFFIRMATIVE DEFENSE

No act or omission of SIG SAUER was the proximate cause and/or a producing cause of

any injury to Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages are the sole and proximate consequence of Plaintiff

Thomas Frankenberry's own misuse, abnormal use, or improper use of the subject firearm.

Further, Plaintiff Thomas Frankenberry failed to observe and use ordinary care and caution for his

own safety.   In this regard, and generally, SIG SAUER hereby invokes the doctrines of

12

comparative fault, comparative or contributory negligence, and/or comparative causation, to reduce or defeat the recovery of Plaintiff herein, if any.

### THIRD AFFIRMATIVE DEFENSE

The occurrence, injuries and damages claimed by the Plaintiffs were proximately caused by the acts and omissions of Plaintiff Thomas Frankenberry and/or other third parties over whom SIG SAUER had no right to control.  SIG SAUER contends that the occurrence, injuries, and damages, if any, were the result of intervening or superseding causes.

### FOURTH AFFIRMATIVE DEFENSE

In the event that Plaintiff requests the Court to submit jury questions concerning the liability of SIG SAUER, under any theories of negligence, strict liability or any other cause of action under law, SIG SAUER asserts the doctrine of "comparative negligence" as recognized by the South Carolina Supreme Court in *Nelson v. Concrete Supply Co.* 303 S.C. 2243, 399 S.E.2d 783 (1991) and its progeny.

### FIFTH AFFIRMATIVE DEFENSE

The subject firearm and all component parts complied with all applicable safety standards.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by Plaintiffs' failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by Plaintiffs' failure to properly handle and use the subject firearm.

### EIGTH AFFIRMATIVE DEFENSE

SIG SAUER invokes its right to a reduction in any dollar verdict which may be rendered in this case by credit for payments made to the Plaintiff by other persons or entities, or by

13

percentage reductions to which SIG SAUER would be entitled as a result of a jury finding against

Plaintiff or parties other than SIG SAUER.  SIG SAUER reserves its right to submit issues against

parties, including the Plaintiff, and other parties who may be absent from this case at the time the

case is submitted to the jury.

**NINTH AFFIRMATIVE DEFENSE**

The award of exemplary or punitive damages in this cause would be unconstitutional under

the Constitution of the United States and the South Carolina Constitution for one or more of the

following reasons:

(1)    There are no reasonable standards for the award of such damages.

(2)    There are no specific guidelines for maximum and minimum damages, if any should be made available.

(3)    Repetitive punitive damage awards for a single course or alleged course of conduct is inappropriate and in violation of the excessive fines clause of the Eighth Amendment and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and in violation of Art. 1 § 3 of the South Carolina Constitution.

(4)    The award of punitive damages is an award based on an *ex post facto* law, and if imposed, would be determined by a standard of conduct formulated after the conduct of which the Plaintiff have complained and applied retroactively to SIG SAUER

(5)    An award of punitive damages in this case would be violative of Art. 1, Paragraph 14 of the South Carolina Constitution.

(6)    An award of exemplary or punitive damages would violate the Defendants' right to due process of law under the Fourteenth Amendment to the United States Constitution, as well as under similar provisions of the South Carolina Constitution.

(7)    The contracts clause of Art. 1, § 10 of the United States Constitution prohibits the award of punitive damages because any party's claim of punitive damages is an attempt to impose punitive damages through retrospective application of new, judge-made substantive rules.  Due process requires fair notice of the type of conduct that will subject a person or entity to monetary punishment and fair notice of range of any monetary punishment that may be imposed for derivation from the

standard.  Due process prohibits punishment for violation of unsettled standards and standards not judicially established until the conduct complained of has taken place.  Due process and the Contracts Clause of Art. 1, § 10 of the United States Constitution is, therefore, also pleaded as a defense to all of Plaintiffs' liability theories which were not in existence at the time that Defendant was operating as a corporate entity.

(8)     Any award of punitive damages is, by its nature, an imposition of criminal or quasi-criminal sanctions against which no procedural safeguards have been enacted or promulgated by the Court.  Defendant requests that the Court enact procedural safeguards for the determination of punitive damages questions, including a right of the Defendant against self-incrimination, a right to trial by jury of twelve persons, and Plaintiffs' burden of proof "beyond a reasonable doubt" rather than "by a preponderance of the evidence."  Alternatively, Plaintiffs should be required to prove an entitlement to exemplary or punitive damages and the appropriate amount of punitive damages by "clear and convincing evidence."  Due process also requires proof of liability for punitive damages by a standard greater than "preponderance of the evidence."

It is a denial of due process of law and of equal protection of the laws under the Constitution of the United States and the South Carolina Constitution to permit a corporation to be vicariously liable for punitive and exemplary damages which are awarded on the basis of acts or omissions of employees, agents, or representatives of the corporation on the doctrine of respondeat superior or any other vicarious liability doctrines.

## TENTH AFFIRMATIVE DEFENSE

Alternatively, and without waiving the foregoing, SIG SAUER invokes the limitations on punitive damages contained in the South Carolina Fairness in Civil Justices Act of 2011 and S.C. Code Ann. §15-32-530.

## ELEVENTH AFFIRMATIVE DEFENSE

That punitive damages are not available in an action for strict liability, and this should be stricken from the Complaint.

15

## TWELFTH AFFIRMATIVE DEFENSE

SIG SAUER asserts that the subject firearm is reasonably fit, suitable and safe for its intended purpose.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs incurred or assumed the risks of which Plaintiffs complains in this action.

## FOURTEENH AFFIRMATIVE DEFENSE

SIG SAUER's product, complied with all federal, state and local codes, standards, regulations, specifications and statutes regarding the manufacture, sale and use of the product at all times pertinent to this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover herein against SIG SAUER because the design, manufacture, packaging, warning and labeling of the product described in Plaintiffs' Complaint was in conformity with the generally recognized state of the art at the time such product was designed, manufactured, packaged and labeled.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred because the damages complained of was caused by a modification or alteration of the product at issue made by a person after the delivery to the initial user or consumer which modification or alteration was the proximate cause of the physical harm complained of by Plaintiffs, and such modification or alteration was not reasonably expectable by SIG SAUER.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiff failed and neglected to exercise ordinary care for his safety and welfare, which directly and proximately caused or contributed to Plaintiffs' alleged injuries and damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover to the extent any alleged damages or injuries were caused by the misuse, abuse, or failure to properly maintain or care for the products at issue herein.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the applicable statutes of limitations, statutes of repose, any similar statute, or the equitable doctrine of laches.

## TWENTIETH AFFIRMATIVE DEFENSE

As demonstrated by his allegations relating to marketing and other communications, Plaintiff impermissibly seeks to impose liability on conduct protected from liability by the First Amendment to the United States Constitution and by the South Carolina Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

SIG SAUER would show that it did not receive timely notice of any alleged breach of warranty and therefor Plaintiff may not recover against this Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent the SIG SAUER may be subject to liability, which is denied, SIG SAUER reserves all defenses and benefits due under S.C. Code Ann. 15-38-15, et. seq., including the right to request that the jury apportion fault among any other party, whether named or not named.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrines of waiver and estoppel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

SIG SAUER pleads the terms, conditions, provisions, disclaimers and exclusions in any and all warranties as a complete defense to this action

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Discovery and investigation are incomplete, and SIG SAUER does not and cannot reasonably be expected to know whether additional affirmative defenses may be applicable. SIG SAUER therefore reserves the right to add additional affirmative and other defenses as may be applicable and appropriate during the pendency of this action.

WHEREFORE, having fully answered the Plaintiff's Complaint, the Defendant demands that the same be dismissed, with costs, and for such other and further relief as the Court deems just and proper.

s/George V. Hanna, IV
George V. Hanna, IV, Fed, ID # 7419
Howser, Newman & Besley, LLC
1508 Washington Street
P.O. Box 12009
Columbia, South Carolina 29211
 (803) 758-6000
ghanna@hnblaw.com
Attorneys for Defendant Sig Sauer Inc.

October 23, 2019

18