IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Thomas Frankenberry and Sansani Frankenberry, | ) ) ) | Civil Action No. : 4:19-cv-02990-SAL |
| Plaintiffs, | ) ) ) | **CONFIDENTIALITY ORDER** |
| vs. | ) ) ) | |
| Sig Sauer, Inc., | ) ) ) | |
| Defendant. | ) ) | |

Whereas, the Defendants have requested entry of this Confidentiality Order, it is this 4th day of February, 2020, ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" or "Highly Confidential-Attorneys & Experts Only" on the document in a manner which will not interfere with the legibility of the document and which will not permit complete removal of the "CONFIDENTIAL" or "Highly Confidential-Attorneys & Experts Only designation. Documents shall be designated CONFIDENTIAL or "Highly Confidential-Attorneys & Experts" only prior to, or contemporaneously with, the production or disclosure of the documents. Each such document shall bear a separate number for

ease of identification and shall be furnished separately from other materials produced. In the event that Confidential Information is inadvertently produced without designating such documents or information "Confidential" or "Highly Confidential-Attorneys & Experts Only" within the time periods established in this Protective Order, the parties shall properly designate such documents or information as "Confidential" or "Highly Confidential-Attorneys & Experts Only," and the Plaintiff shall be bound by such designations pursuant to the terms of this Protective Order, but shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Confidential Information that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as "Confidential" or "Highly Confidential–Attorneys & Experts Only" shall not be deemed a waiver, in whole or in part, of a party's claim to confidentiality of such documents or information, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as confidential.

4. **Protection of Confidential Material.**

a. **General Protections.** Documents designated CONFIDENTIAL or Highly Confidential–Attorneys & Experts Only under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 4.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation.

b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL or Highly Confidential–Attorneys & Experts Only under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below. The following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL or Highly Confidential-Attorneys & Experts Only pursuant to this Order:

(1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2) parties and employees of a party to this Order;

(3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) any mediator or arbitrator selected with the consent of all parties or by the Court;

(5) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(6) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential or Highly Confidential-Attorneys & Experts Only pursuant to the terms of this order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential or Highly Confidential–Attorneys & Experts Only under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" or Highly Confidential–Attorneys & Experts Only if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Federal Rules of Civil Procedure, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This

duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to the Federal Rules of Civil Procedure.

7. **Greater Protection of Specific Documents.** A party producing documents marked CONFIDENTIAL shall be permitted to redact personal identifying information regarding third parties whose names may appear in CONFIDENTIAL documents. The Parties may elect that certain Confidential Information not be divulged to the persons referred to in paragraph 5 above if it in good faith believes that its disclosure could be put to any improper use or could otherwise cause irreparable harm. Such information shall be clearly marked "Highly Confidential-Attorneys & Experts Only," and shall be treated as Confidential Information, except that such information may only be disclosed to those persons referred to in paragraphs 4(b)(1), 4(b)2, 4(b)(3), 4(b)(4), 4(b)(5) and 4(b)(6) herein in accordance with the terms and conditions of this Protective Order. If a party objects to materials designated "Highly Confidential-Attorneys & Experts Only," that party may follow the procedure set forth in paragraph 8 herein to remove such designation.

8. **Challenges to Designation as Confidential or Highly Confidential-Attorneys & Experts Only.** Any CONFIDENTIAL or Highly Confidential-Attorneys & Experts Only designation is subject to challenge. The following procedures shall apply to any such challenge.

    a. The burden of proving the necessity of a CONFIDENTIAL or Highly Confidential-Attorneys & Experts Only designation remains with the party asserting confidentiality.

    b. A party who contends that documents designated CONFIDENTIAL or Highly Confidential-Attorneys & Experts Only are not entitled to confidential treatment

shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

  c.  Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL or Highly Confidential-Attorneys & Experts Only shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

  (1)  the party who claims that the documents are confidential withdraws such designation in writing;

  (2)  the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or

  (3)  the court rules that the documents should no longer be designated as confidential information.

  d.  Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL or Highly Confidential-Attorneys & Experts Only shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of CONFIDENTIAL Documents and Highly Confidential – Attorneys and Experts Only Document.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL or Highly Confidential-Attorneys & Experts Only under this Order, including copies as defined above (¶6.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL or Highly Confidential-Attorneys & Experts Only so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

10. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to

intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or Highly Confidential-Attorneys & Experts Only by counsel is subject to protection under Rule 26(c) of the South Carolina Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

12. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel in this action and their respective law firms and clients.

IT IS SO ORDERED.

/s/ Sherri A. Lydon
Sherry A. Lydon
United States District Judge

February 4, 2020
Florence, South Carolina

# **ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Thomas Frankenberry and Sansani Frankenberry, | ) ) ) | Civil Action No. : 4:19-cv-02990-SAL |
| Plaintiffs, | ) ) | **CERTIFICATION BY** |
| vs. | ) ) | **COUNSEL OF DESIGNATION OF** **INFORMATION AS CONFIDENTIAL** |
| Sig Sauer, Inc., | ) ) ) | |
| Defendant. | ) ) | |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL or Highly Confidential-Attorneys & Experts Only subject to the Confidentiality Order entered in this action which Order is dated _____.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

Check and complete one of the two options below.

❑     I am a member of the Bar of South Carolina State Court. My State Court Bar number is _____.

❑     I am not a member of the Bar of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is _____ where my Bar number is _____. I understand that by completing this certification I am submitting to the jurisdiction of the State of South Carolina as to any matter relating to this certification.

Date:_____           _____
                                                                                 Signature of Counsel

                                                                        _____
                                                                        Printed Name of Counsel

# **ATTACHMENT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Thomas Frankenberry and Sansani Frankenberry, | ) ) ) | Civil Action No. : 4:19-cv-02990-SAL |
| Plaintiffs, | ) ) | **ACKNOWLEDGMENT OF UNDERSTANDING** |
| vs. | ) ) | **AND AGREEMENT TO BE BOUND** |
| Sig Sauer, Inc., | ) ) ) | |
| Defendant. | ) ) | |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the State of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL or Highly Confidential-Attorneys & Experts Only solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____        _____
                                                                      Signature

# **ATTACHMENT C**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Thomas Frankenberry and Sansani Frankenberry, | ) ) ) | Civil Action No. : 4:19-cv-02990-SAL |
| Plaintiffs, | ) ) | **CERTIFICATION OF COUNSEL OF NEED FOR** |
| vs. | ) ) | **ASSISTANCE OF PARTY/EMPLOYEE** |
| Sig Sauer, Inc., | ) ) ) | |
| Defendant. | ) ) | |

     Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 5.b.2., I certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL or Highly Confidential-Attorneys & Experts Only.

     I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

     The individual named above is:

❑    A named party;

❑    An employee of named party _____. This employee's job title is _____ and work address is _____.

Date:_____           _____